UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 08-27561-SBB |
| ACCENT WINDOWS, INC. ) | |
| EIN: 84-1610404 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**ORDER CONFIRMING THIRD AMENDED PLAN OF REORGANIZATION DATED JULY 17, 2009**

The Third Amended Combined Plan of Reorganization dated July 17, 2009 under Chapter 11 of the Bankruptcy Code filed by the Debtor, along with the Stipulated Amendment to paragraph 11.8, having come before the Court for confirmation, no objections remaining, the Court having received an offer of proof from the Debtor, and having reviewed the file, finds and Orders as follows:

1. That the Debtor has complied with all applicable provisions of Chapter 11 of the Bankruptcy Code, the Plan meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code, and the Debtor has complied with Section 1125 of the Bankruptcy Code.

2. The provisions of Chapter 11 of the Bankruptcy Code have been complied with, in that the Plan has been proposed in good faith and not by any means forbidden by law.

3. That all insiders involved in the Debtor's post-confirmation activities are disclosed in the Disclosure Statement along with their relationships to the Debtors.

4. That there exists no governmental regulatory commission having jurisdiction over the Debtor on setting rates and fees.

5. That each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Code.

6. That all payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or costs and expenses in or in connection with the Plan or incident to the case have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan will be subject to approval of the Court.

7. That all attorneys' fees incurred pre-confirmation shall be subject to Court approval as to reasonableness pursuant to the applicable provisions of the Bankruptcy Code.

8. That the Plan has been accepted by all classes of creditors and interest holders as set forth in the Debtor's Summary of Voting Results as follows:

   a. Class 1 consists of the allowed unsecured claims specified in Section 507(a)(3), 507(a)(4) or 507(a)(5) of the Code as having priority. No votes were received from Class 1 and it is deemed to have accepted the Plan. In re Ruti-Sweetwater, 836 F.2d 1263, (10th Cir. 1988).
   b. Class 2 consists of the allowed secured claim held by Urban Machinery. Class 2 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti-Sweetwater, 836 F.2d 1263 (10th Cir. 1988).
   c. Class 3 consists of the allowed claims held by unsecured creditors of the Debtor. Class 3 voted to accept the Plan.
   d. Class 4 consists of all subordinated recission claims. Class 4 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti-Sweetwater, 836 F.2d 1263 (10th Cir. 1988).
   e. Class 5 consists of the interests held in the Debtor by pre-confirmation members. Class 5 has not voted on the Plan and is deemed to have accepted the Plan. In re Ruti-Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

9. That on the effective date of the Plan, all property of the estates will vest in the Debtor free and clear of all liens and claims, except as otherwise provided in the Plan.

10. That with respect to a claim of a kind specified in section 507(a)(8) of the Bankruptcy Code, the holder of such claim will receive regular installment payments in cash: a) of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim; and b) over a period ending not later than 5 years after the date of the order for relief.

11. That the Debtor is hereby released and discharged from all dischargeable debts.

12. That the discharge granted herein, (a) avoids any judgment at any time obtained to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt discharged under 11 U.S.C. Section 1141, whether or not discharge of such debt is waived; (b) operates as an injunction against the commencement or continuation of any action, the employment of process or any act to collect, recover or offset such debt as a personal liability of the Debtor or from property of the Debtor, whether or not discharge of such a debt has been waived.

13. That confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor.

14. That any objections to confirmation of the Plan having been withdrawn, resolved, or overruled.

IT IS HEREBY ORDERED

That the Third Amended Plan of Reorganization dated July 17, 2009, as amended, filed by the Debtor is hereby CONFIRMED.

DONE and entered this __9__ day of September, 2009 at Denver, Colorado.

_____
Honorable Sidney B. Brooks
United States Bankruptcy Court Judge